10-1861-cr
United States v. Warren

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT: DENNIS JACOBS,
                                Chief Judge,
              PIERRE N. LEVAL,
              ROBERT A. KATZMANN,
                                Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                    10-1861-cr

LARRY WARREN, also known as
"Dad4Real4u,"
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:       Darrell B. Fields, Federal Defenders of
                     New York, Inc., Appeals Bureau, New York,
                     New York.

FOR APPELLEE:        Brian A. Jacobs, Assistant United States
                     Attorney (Katherine Polk Failla,
                     Assistant United States Attorney, Of

Counsel), for Preet Bharara, United States Attorney for the Southern District of New York.

Appeal from a judgment of conviction in the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Larry Warren ("Warren") appeals from a May 11, 2010 judgment of the United States District Court for the Southern District of New York (Sullivan, J.) entered following a plea of guilty to using a facility and means of interstate commerce to attempt to persuade, induce, entice, and coerce individuals under 18 years of age to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court sentenced Warren principally to 240 months' imprisonment--five months above the U.S. Sentencing Guidelines ("Guidelines") range. Warren's sole challenge is to the substantive reasonableness of the sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In applying that standard, we must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (in banc). We cannot "substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case," and should "set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" Id. at 189 (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007)); see also United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006) ("Reasonableness review does not

2

entail the substitution of our judgment for that of the sentencing judge."). The substantive unreasonableness standard "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

After considering the required statutory factors, see 18 U.S.C. § 3553(a), the district court concluded that an above-Guidelines sentence was warranted due to Warren's callous disregard for the well-being of his intended victims, a 13-year-old girl and a 9-year-old girl. Most importantly, during the sentencing proceeding, the district court stated that incapacitation of this defendant, together with general deterrence, were the motivating factors behind the above-Guidelines sentence. In any event, the sentence exceeded by only five months the high-end of the Guidelines range that Warren conceded was reasonable in his plea agreement. On this record, we do not deem this one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Cavera, 550 F.3d at 189 (internal quotation marks omitted). Thus, we reject the claim that the sentence is substantively unreasonable.

We have considered Warren's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of conviction is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3